UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BEAU BROWN,

    Plaintiff

v.

THE STATE OF NEVADA,

    Defendant

Case No.: 3:23-cv-00495-ART-CSD

**Order**

Re: ECF Nos. 1-1, 3

    Plaintiff initiated this action by filing a notice to the Attorney General that the action involves a challenge to the constitutionality of a state statute, referencing Nevada Revised Statutes 176.017, 176.025, and 213.12135. (ECF No. 1-1.) These are statutes that govern parole eligibility for persons convicted as adults but who were under 18 at the time the crime was committed. He subsequently filed an application to proceed *in forma pauperis* (IFP) for an inmate. (ECF No. 3.)

    On January 12, 2024, the court issued an order indicating that it was unclear Plaintiff intended to proceed with a habeas petition—which challenges his conviction or sentence on constitutional grounds—or a civil rights action pursuant to 42 U.S.C. § 1983—which challenges his conditions of confinement, as Plaintiff had not filed either a habeas petition or a civil rights complaint. The court gave Plaintiff 30 days to file a notice indicating whether he wishes to proceed with a habeas petition or a civil rights action pursuant to section 1983, and, depending on how he elects to proceed, either a habeas petition or a civil rights complaint. The court will deferred ruling on his IFP application. (ECF No. 4.)

1. On January 22, 2024, Plaintiff filed a notice stating that he intended to proceed with an action challenging the constitutionality of a state statute under 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1, as opposed to a habeas petition or civil rights action under section 1983. (ECF No. 5.)  On February 1, 2024, he again filed a notice to the court of a challenge to the constitutionality of a state statute pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1.

Neither 28 U.S.C. § 2403(b) nor Federal Rule of Civil Procedure 5.1 create a separate cause of action or basis for relief. *See Oscar Marques-Perez v. State of Nevada*, No. 2:22-cv-00796-GMN-DJA, 2024 WL 1434352, at *2 ( (D. Nev. Apr. 2, 2024) (citations omitted); *Vance v. Los Angeles Dep't of Child Support*, No. CV 23-4392-DMG (BFM), 2023 WL 4681552, at *2 (C.D. Cal. June 7, 2023).

28 U.S.C. § 2403(b) provides a mechanism for intervention of a state in an action where a question is raised as to the constitutionality of a state statute and the state has not been named a party, and Rule 5.1 implements that statute by requiring a party filing such a pleading to file a notice which triggers the requirement for the court to certify the question to the appropriate attorney general.

Accordingly, the court will give Plaintiff an additional 30 days from the date of this Order to file a notice indicating whether he intends to proceed with a habeas petition (challenging his conviction or sentence) or a civil rights action under 42 U.S.C. § 1983 (challenging his conditions of confinement as a result of the violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law). If Plaintiff is challenging  his sentence and seeking release as a result of the alleged unconstitutional statute, then he should pursue such relief in a habeas petition. If, however, he does not seek to invalidate

his conviction or sentence and does not seek relief, and the consequence of a finding that the statute in question is unconstitutional would not result in such relief, then Plaintiff should file an action under section 1983. If Plaintiff fails to timely file the notice and either a habeas petition or complaint under section 1983, the court will recommend dismissal of this action without prejudice.

The court also denies Plaintiff's pending IFP application (ECF No. 4) without prejudice. Within 30 days, Plaintiff must also file the applicable IFP application for either a habeas petition or 1983 action.

## CONCLUSION

Plaintiff has **30 days** from the date of this Order to file a notice indicating whether he intends to proceed with a habeas petition or a civil rights action under section 1983, and a corresponding habeas petition or section 1983 civil rights complaint. Plaintiff's pending IFP application (ECF No. 4) is **DENIED WITHOUT PREJUDICE**. Also within **30 days** of this Order, Plaintiff must file the appropriate IFP application for either a habeas petition or civil rights action under 1983.

The Clerk shall **SEND** Plaintiff the instructions and forms for filing a habeas petition as well as a civil rights complaint, as well as the corresponding IFP applications for an inmate.

If Plaintiff fails to timely comply, it will be recommended that this actin be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: April 9, 2024

_____
Craig S. Denney
United States Magistrate Judge